Jeremy S. Golden (SBN 228007)
Law Offices of Eric F. Fagan
2300 Boswell Rd. Suite 211
Chula Vista, CA 91914
jeremy@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorney for Plaintiff KIMBERLY SCHNEIDER

FILED
08 MAR 21 PM 3:08
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY SCHNEIDER, an individual, <br><br> Plaintiff <br><br> v. <br><br> ROSENTHAL, MORGAN AND THOMAS, INC.; and DOES 1 through 10 inclusive, <br><br> Defendants. | Civil Case No.: '08 CV 533 BEN WMc <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## COMPLAINT

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this state is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff KIMBERLY SCHNEIDER, is a natural person who at all times relevant resided in the state of California.

4. Defendant ROSENTHAL, MORGAN AND THOMAS, INC. ("RMTI") is a professional corporation doing business of collecting debts in California operating from an address at 12747 Olive Blvd., Suite 375, St. Louis, MO 63141.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiffs as set forth below. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities

of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. In 2003, Plaintiff had an account with Safe Alarm for home security; and then she canceled the account.

13. On or around March 3, 2007, Safe Alarm automatically renewed Plaintiff's account against her wishes and charged her for unauthorized services.

14. In 2007, Plaintiff lost her home in a foreclosure, but Safe Alarm continued to bill her for services she did not receive (the "DEBT").

15. At a time unknown, Defendant acquired information regarding the DEBT.

16. In or around July 2007, Defendant began calling Plaintiff in an attempt to collect the DEBT.

17. Over the course of approximately three months Defendant called with such frequency and persistence as to constitute harassment.

18. On more than one occasion, Defendant called Plaintiff more than once on a single day.

19. On certain days Defendant called Plaintiff approximately three times.

20. Defendant called Plaintiff's son on more than one occasion in connection with the collection of the DEBT.

21. Plaintiff told Defendant that she canceled the service from Safe Alarm, that her home was foreclosed, and that she was not obligated on the DEBT.

22. Defendant stated that he did not care about Plaintiff's excuses or words to that effect.

23. Defendant threatened to take civil action against Plaintiff or words to that effect.

24. Defendant threatened that he would ruin Plaintiff's credit or words to that effect.

25. Defendant threatened criminal charges against Plaintiff or words to that effect.

26. As a result of the acts alleged above, Plaintiff suffered nausea, sickness, tenseness, headaches, fear, worry, unhappiness, loss of sleep, nightmares, loss of appetite, humiliation, and extreme emotional distress.

27. Defendant's conduct severe anxiety and depression and forced Plaintiff to purchase medication.

28. The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V. FIRST CLAIM FOR RELIEF

**(As against Defendants for Violation of the FDCPA)**

29. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

30. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;

    (b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating

with persons other than the Plaintiff and stating that the Plaintiff owes debt;

(c) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

(d) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(e) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(f) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(g) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

(h) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(i) The Defendants violated 15 U.S.C. § 1692e(4) by giving the impression that nonpayment of a debt will result in the arrest or imprisonment of a person and/or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

(j) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(k) The Defendants violated 15 U.S.C. § 1692e(7) by giving the false impression that the consumer committed a crime or other conduct in

order to disgrace the consumer;

(l) The Defendants violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(m) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(n) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(o) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

31. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

(Against all Defendants for Violation of the Rosenthal Act)

32. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.10(b) by threatening that the failure to pay a consumer debt will result in an accusation that the Plaintiff has committed a crime where such accusation, if made, would be false;

(b) The Defendants violated California Civil Code §1788.10(e) by

|     |     |     |
| --- | --- | --- |
| 1   |     | threatening any person that nonpayment of the consumer debt may |
| 2   |     | result in the arrest of the debtor or the seizure, garnishment, or sale of |
| 3   |     | any property or the garnishment or attachment of wages of the debtor, |
| 4   |     | unless such action is in fact contemplated by the debt collector and |
| 5   |     | permitted by the law; |
| 6   | (c) | The Defendants violated California Civil Code §1788.11(d) by causing a |
| 7   |     | telephone to ring repeatedly or continuously to annoy the person called; |
| 8   | (d) | The Defendants violated California Civil Code §1788.11(e) by |
| 9   |     | communicating with the Plaintiff with such frequency as to be |
| 10  |     | unreasonable and to constitute an harassment to the Plaintiff under the |
| 11  |     | circumstances; |
| 12  | (e) | The Defendants violated California Civil Code §1788.12(b) by |
| 13  |     | communicating information regarding a consumer debt to a member of |
| 14  |     | the Plaintiff's family; |
| 15  | (f) | The Defendants violated California Civil Code §1788.13(j) by falsely |
| 16  |     | representing that a legal proceeding has been, is about to be, or will be |
| 17  |     | instituted unless payment of a consumer debt is made; |
| 18  | (g) | The Defendants violated California Civil Code §1788.17 by failing to |
| 19  |     | comply with the FDCPA as alleged above; |

34. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

36. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

//
//

## VII.  THIRD CLAIM FOR RELIEF

### (As against all Defendants for Invasion of Privacy:
### Intrusion Into Private Affairs And Public Disclosure of Private Facts)

37. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

38. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

39. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

40. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

41. As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

42. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

(d) For punitive damages;

(e) For such other and further relief as the Court may deem just and proper.

//
//
//

Date: 3/19/08

_____
Jeremy S. Golden,
Attorney for Plaintiff Kimberly Schneider

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: 3/19/08

_____
Jeremy S. Golden,
Attorney for Plaintiff Kimberly Schneider

```
         UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       # 149022    - SH

        March 21, 2008
           15:33:01


       Civ Fil Non-Pris
  USAO #.: 08CV0533
  Judge..: ROGER T BENITEZ
  Amount.:              $350.00 CK
  Check#.: BC1876
         /

  Total-> $350.00


  FROM: SCHNEIDER V. ROSENTHAL ET AL
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kimberly Schneider, an individual

### DEFENDANTS
Rosenthal, Morgan and Thomas, Inc. and Does 1 through 10

**(b)** County of Residence of First Listed Plaintiff: **Maricopa**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **St. Louis**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeremy S. Golden; Law Offices of Eric F. Fagan; 2300 Boswell Road, Ste. 211; Chula Vista, CA 91914; 619-656-6656

Attorneys (If Known): Unknown

'08 CV 533 BEN WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sec. 1692

Brief description of cause:
Wrongful Debt Collection Practices by Defendant

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Over $25,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 03/19/2008

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeremy S. G.

**FOR OFFICE USE ONLY**
RECEIPT # 149022  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

sel 3/21/08